IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRAYAN ROBERTO CORVERA
AGUILAR,

        *Petitioner*,

    v.

        1:26-cv-01268-MSN-LRV

PAUL G. PERRY, *et al*.,

        *Respondents*.

ORDER

Brayan Roberto Corvera Aguilar ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Counts I). Petitioner further contends that he is not subject to mandatory detention under 8 U.S.C. § 1226(c), and that his continued detention without an individualized bond hearing violates his right to due process (Count III).

Petitioner is currently detained at the Caroline Detention Facility in Bowling Green, Virginia. ECF 1 ¶ 8. He has sued Russell Hott, the Field Office Director of ICE Enforcement and Removal Operations' Washington Field Office; Todd M. Lyons, ICE's Acting Director; Markwayne Mullin, the DHS Secretary; and Todd Blanche, the Acting Attorney General (collectively "Federal Respondents"). *Id*. at 1. He has also sued Paul Perry, the warden of the Caroline Detention Facility. *Id*.

In response to the Court's Order of May 12, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 6. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III.[1]

## I.   BACKGROUND

Petitioner is a citizen of El Salvador. ECF 1 ¶ 27. He does not clearly allege when he entered the United States but states that he entered the country "years ago as an unaccompanied child." *Id.* ¶ 43; *see also id.* ¶ 28. Given that Petitioner is now twenty-four years old, the Court understands that Petitioner entered the United States at least six years ago. *See id.* ¶ 27. Upon entering the country, DHS encountered Petitioner and placed him in the custody of the Office of Refugee Resettlement before releasing him to a sponsor. *Id.* ¶ 28. In 2024 and 2025, Petitioner was charged with a series of crimes in Prince William County, Virginia. ECF 1-3 at 6-8. He was convicted of, among other things, unauthorized possession of drug paraphernalia under Va. Code Ann. § 54.1-3466. *Id.* Petitioner also received a deferred disposition with supervised probation of a term of 12 months on a charge of possession of unlawful controlled substances under VA Code Ann. § 18.2-250. ECF 6-1. In addition, Petitioner has a pending U-Visa petition based on his cooperation with law enforcement in other matters. ECF 1 ¶¶ 34-35.

On January 17, 2025, while Petitioner was in local criminal custody, DHS issued an immigration detainer and warrant for Petitioner's arrest and took Petitioner into immigration custody. ECF 1 ¶¶ 3-4. Petitioner has remained detained at the Caroline Detention Facility since

---

[1]   Because the Court grants the Petition as to Count III, it need not address Petitioner's other claims.

that time. *Id.* ¶ 4. He alleges that DHS has failed to provide him a bond hearing before an Immigration Judge ("IJ") while his removal proceedings are pending.[2] *Id.* ¶ 38.

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

---

[2]    Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for at least six years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination,

---

[3]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.[4]

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court and Federal Respondents within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal,

---

[4]    Petitioner contends that, despite his conviction for unauthorized possession of drug paraphernalia under Va. Code Ann. § 54.1-3466, he is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B)—which requires detention for individuals who have been convicted of a violation of any law related to a controlled substance—because Va. Code Ann. § 54.1-3466 criminalizes possession of substances beyond those that are federally controlled. ECF 1 ¶¶ 49-56. In their response, Federal Respondents admit that "Petitioner's drug paraphernalia conviction . . . may not constitute a controlled substance violation" and that the "primary issue asserted in the instant [P]etition is whether Petitioner is properly subject to mandatory detention pursuant to § 1225(b)." ECF 6 at 2. Nevertheless, they argue that the Court should not order Petitioner's release pending a bond hearing. They contend that Petitioner should remain detained until an IJ can consider whether Petitioner's deferred disposition on his charge of unlawful possession of a controlled substance constitutes a conviction for purposes of 8 U.S.C. § 1226(c). The Court declines to deviate from its standard approach and will order Petitioner's release pending a bond hearing. Federal Respondents do not argue to this Court that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Until that issue properly arises— either before this Court or an Immigration Court—Petitioner is entitled to release.

5

state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

      **IT IS SO ORDERED.**

      The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

May 21, 2026
Alexandria, Virginia